UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARLTON WALKER,

                          Plaintiff,

   v.                                        9:20-CV-0082
                                                   (DNH/CFH)

ANDREW M. CUOMO, et al.,

                          Defendants.

---

APPEARANCES:

CARLTON WALKER
85-A-1559
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

DAVID N. HURD
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Pro se plaintiff Carlton Walker commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). Thereafter, plaintiff paid the $400.00 filing fee in full.

By Decision and Order dated March 31, 2020, the Court denied plaintiff's IFP Application pursuant to 28 U.S.C. § 1915(g), and, upon review of the complaint pursuant to 28 U.S.C. § 1915A(b), severed and transferred plaintiff's claims arising out of his

confinement at Woodbourne Correctional Facility to the Southern District of New York, dismissed some of plaintiff's remaining claims and defendants, found that plaintiff's retaliation claims against two defendants survived sua sponte review, and advised plaintiff to submit a motion requesting service by a U.S. Marshal, along with full payment of the service fee and all necessary papers for service if he desired for a U.S. Marshal to effect service on the remaining defendants.  Dkt. No. 6 ("March 2020 Order").

Presently before the Court are the following: (1) plaintiff's request for injunctive relief, Dkt. No. 5 ("Preliminary Injunction Motion"); (2) plaintiff's motion for partial reconsideration of the March 2020 Order, Dkt. No. 8 ("Motion for Reconsideration"); and (3) plaintiff's letter request for a U.S. Marshal to effect service on defendants, Dkt. No. 9 ("Letter Request for Service").[1]

## II.     PRELIMINARY INJUNCTION MOTION

Plaintiff's motion for injunctive relief requests an order directing officials from the New York State Department of Corrections and Community Supervision ("DOCCS") not to destroy his legal documents pursuant to property limits imposed by the Commissioner of DOCCS. *See* Preliminary Injunction Motion at 1-2.

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit.

---

[1] Following plaintiff's submission of his Motion for Reconsideration, he filed an addendum wherein he raised additional arguments in support of his motion.  *See* Dkt. No. 11 ("Motion for Reconsideration Addendum").

*Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010).

To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id*. at 35; *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a mandatory injunction that alters the status quo by commanding a positive act, the burden is "even higher." *Cacchillo*, 638 F.3d at 405-06; *see Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).

Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Markets*, 598 F.3d at 35 n.4 (internal quotation marks omitted).

"'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faiveley*, 559 F.3d at 118 (internal citation and quotation marks omitted).

The Court has reviewed plaintiff's motion thoroughly and with due regard for his status

3

as a pro se litigant and finds that the extraordinary relief he seeks may not properly be granted. Except in limited circumstances not relevant here, a court may not order injunctive relief against non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . binds only . . . the parties . . . ."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 n.1 (N.D.N.Y. June 25, 2008).

Thus, even if plaintiff's legal property has been or will be destroyed pursuant to a DOCCS policy, injunctive relief is not warranted because neither the individual who allegedly created the policy nor DOCCS is a party to this action, and an injunction regarding this conduct may not properly be directed at the remaining defendants (who are not alleged to have any personal involvement in the destruction of plaintiff's legal materials).

Moreover, while the Court is mindful that under certain circumstances, the destruction of legal papers could implicate an inmate's constitutional right to access the courts,[2] plaintiff has not made a showing in support of his motion sufficient to warrant the issuance of any form of relief regarding his access to legal materials relating specifically to this action. Indeed, plaintiff's motion fails to identify with any specificity the legal documents that have been or will be destroyed pursuant to DOCCS policy, or explain whether plaintiff has a choice regarding which documents are destroyed.

It is also unclear, based on the lack of specificity regarding destroyed documents, whether any such documents can be recreated or re-obtained. Thus, the Court has no basis

---

[2] *See e.g., Willey v. Kirkpatrick*, 801 F.3d 51, 69 (2d Cir. 2015) ("Legal documents have characteristics that differentiate them from mere "property' whose destruction can be adequately remedied by a generic property-deprivation state law. Their theft or destruction, for example, may irrevocably hinder a prisoner's efforts to vindicate legal rights.").

4

to conclude that plaintiff will suffer irreparable harm in this action if the injunctive relief that he seeks is not awarded.

Furthermore, in the event an answer to plaintiff's complaint is filed, a Mandatory Pretrial Discovery and Scheduling Order will be issued, which outlines the terms of discovery and requires the parties to exchange certain mandatory disclosures.  Insofar as documents related to plaintiff's remaining claims in this action have been destroyed, these disclosures may include copies of such documents.[3]

Based upon the foregoing, plaintiff's Preliminary Injunction Motion is denied.

### III.    MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."

---

[3] Should this action proceed through discovery, and plaintiff demonstrate at that time that specific legal materials were destroyed as a result of a DOCCS policy, which were necessary for him to succeed on the merits of one or more existing claims, he may renew his request for relief related to his destroyed property. Consideration of any renewed request will require the development of a more complete factual record regarding the nature of the materials related to this action that plaintiff contends were destroyed, the circumstances under which these materials were destroyed, and the efforts made by plaintiff to prevent their destruction and/or recover them, whether through DOCCS administrative channels or, if necessary, by means of a properly filed action.

*Id.*[4] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available. Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.

Plaintiff argues that the Court erred in dismissing his Fourteenth Amendment claims based on the alleged unlawful conduct of judges and prosecutors, and selective application of "state mechanisms," which rendered habeas relief unavailable to him, and dismissing such claims with prejudice insofar as the complaint sought injunctive and declaratory relief enjoining the aforementioned officials from precluding plaintiff from challenging his conviction and imprisonment. *See generally* Motion for Reconsideration; Motion for Reconsideration Addendum.

After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the March 2020 Order. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.

The Court will add only that in *Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007) – the case on which plaintiff relies to argue that dismissal of certain claims with prejudice was improper

---

[4] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

– the Second Circuit expressly recognized that "section 1915A grants courts the authority to dismiss a complaint with prejudice," and that an opportunity to amend is not necessary if there is no possibility that an amended complaint would succeed in stating a claim. *Id*. at 639 (citing, *inter alia*, *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

In this case, there is no possibility that plaintiff can succeed in stating a Fourteenth Amendment claim based on the alleged wrongdoing of judges, prosecutors, and legislators relative to his conviction and/or imprisonment, which entitles him to an order from this Court mandating that the aforementioned officials allow him to challenge the fact or duration of his imprisonment because "habeas corpus–not a § 1983 action–provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment." *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Thus, the Court did not err in dismissing with prejudice plaintiff's request for injunctive and declaratory relief related to the fact or duration of his imprisonment.[5]

Accordingly, plaintiff's motion for partial reconsideration of the March 2020 Order is denied in its entirety.

## IV. LETTER MOTION

In his Letter Motion, plaintiff requests that the Court order service of the complaint on

---

[5] Plaintiff argues in his Motion for Reconsideration Addendum that dismissal of his request for injunctive relief related to the fact or duration of his imprisonment was improper because he is unable to assert a freestanding actual innocence claim in a habeas corpus petition, and thus the injunctive relief he seeks in this action is not available in federal habeas corpus. Plaintiff's argument is misplaced. His inability to assert a freestanding claim for actual innocence in a habeas corpus petition does not create a legal right for him to assert such a claim in a Section 1983 action. *See Teichmann v. New York*, 769 F.3d 821, 826 (2d Cir. 2014) ("[Section] 1983—while broad in its equitable and legal remedies—does not recognize a declaration of innocence, standing alone, as a cognizable form of relief."). Furthermore, the cases on which plaintiff relies in support of his argument are entirely inapposite because the plaintiff in this case remains in custody.

7

the two remaining defendants by the U.S. Marshals Service because he is currently in the special housing unit and does not have "any other means of serving the defendants[.]" *Id*. at 2.

Plaintiff was advised in the March 2020 Order that he could submit a motion requesting service by a U.S. Marshal on the following conditions: (1) he must pay the service fee of $16.00 due to the U.S. Marshals Service in full and in advance by money order or certified check; and (2) he must provide all necessary papers for service, including a completed U.S. Marshals Form (USM-285 Form) and copy of the complaint for each defendant to be served. *See* March 2020 Order at 39-40. Plaintiff has not provided the Clerk with the documents required for service, or paid the $16.00 service fee. As a result, the Letter Motion is denied without prejudice.

In the event plaintiff wishes for service to be made by a U.S. Marshal, he must, within sixty (60) days of this Decision and Order, pay the $16.00 service fee by money order or certified check and provide the Clerk with the documents required for service. Plaintiff is further advised that, in the absence of a showing of good cause, his failure to take the steps necessary to effectuate service may result in the dismissal of this action. *See* Fed. R. Civ. P. 4(m); 41(b) and Local Rule 41.2.

## V.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 5) is **DENIED without prejudice**; and it is further

**ORDERED** that plaintiff's motion for partial reconsideration of the March 2020 Order

(Dkt. No. 8) is **DENIED**; and it is further

**ORDERED** that plaintiff's letter motion (Dkt. No. 9) regarding service is **DENIED** as set forth above; and it is further

**ORDERED** that in the event plaintiff desires to proceed with this action he must do one of the following within sixty (60) days: (1) pay the $16.00 service fee by money order or certified check and provide the Clerk with the documents required for service; or (2) serve the remaining defendants by other means in accordance with Fed. R. Civ. P. 4; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated:  May 18, 2020
        Utica, New York.

_____
United States District Judge