UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARLTON WALKER,

                              Plaintiff,

   v.                                               9:20-CV-0082 (DNH/CFH)

SENECAL, Officer; Bare Hill
Correctional Facility, and BRIAN
BENWARE, Officer; Bare Hill
Correctional Facility,

                              Defendants.

---

APPEARANCES:

CARLTON WALKER
85-A-1559
Plaintiff, pro se
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

HON. LETITIA JAMES                          MARK G. MITCHELL, ESQ.
New York State Attorney General - Albany    Asst. Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

     Pro se plaintiff Carlton Walker commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). Thereafter, plaintiff paid the

$400.00 filing fee in full.

By Decision and Order dated March 31, 2020, the Court denied plaintiff's IFP Application pursuant to 28 U.S.C. § 1915(g), and, upon review of the complaint pursuant to 28 U.S.C. § 1915A(b), severed and transferred plaintiff's claims arising out of his confinement at Woodbourne Correctional Facility to the Southern District of New York, dismissed some of plaintiff's remaining claims and defendants, found that plaintiff's retaliation claims against two defendants survived sua sponte review, and advised plaintiff to submit a motion requesting service by a U.S. Marshal, along with full payment of the service fee and all necessary papers for service if he desired for a U.S. Marshal to effect service on the remaining defendants. Dkt. No. 6 ("March 2020 Order").

Thereafter, plaintiff filed a motion for partial reconsideration of the March 2020 Order and a letter request for a U.S. Marshal to effect service on defendants. Dkt. No. 8 ("Motion for Reconsideration"); Dkt. No. 9 ("Letter Request for Service").[1] By Decision and Order dated May 18, 2020, the Court, among other things, denied plaintiff's Motion for Reconsideration. Dkt. No. 12 ("May 2020 Order"). Days later, plaintiff moved for leave to appeal the March 2020 Order in forma pauperis. Dkt. No. 13.

By Decision and Order dated June 12, 2020, the Court, among other things, denied plaintiff's request to proceed with his appeal of the March 2020 Order in forma pauperis, and denied plaintiff's Letter Request for Service without prejudice. Dkt. No. 18 ("June 2020 Order"). In denying plaintiff's request to proceed with his appeal of the March 2020 Order in forma pauperis, the Court found that the appeal of the March 2020 Order was not taken in

---

[1] Before plaintiff's Motion for Reconsideration was decided, plaintiff filed a notice of interlocutory appeal of the March 2020 Order. Dkt. No. 10.

2

good faith, and that the complaint did not adequately allege that plaintiff was under imminent danger of serious physical injury at the time it was filed.  *See* June 2020 Order at 3.

Plaintiff filed a motion for reconsideration of the June 2020 Order insofar as it denied his request to proceed with his appeal of the March 2020 Order in forma pauperis.  *See* Dkt. No. 21 ("Motion for Reconsideration of the June 2020 Order").  By Decision and Order entered on July 30, 2020, the Court, among other things, denied plaintiff's Motion for Reconsideration of the June 2020 Order.  Dkt. No. 28 ("July 2020 Order").  Plaintiff then filed a notice of appeal of the July 2020 Order, along with a motion for leave to appeal in forma pauperis.  Dkt. No. 29; Dkt. No. 30.

By Order entered on August 19, 2020, the Court denied plaintiff's Motion for Leave to Appeal the July 2020 Order in forma pauperis.  Dkt. No. 31.  Thereafter, counsel filed a motion to dismiss the claims remaining in this action, and plaintiff filed a response in opposition.  Dkt. No. 32 ("Motion to Dismiss"); Dkt. No. 34 ("Opposition to Motion to Dismiss").

Presently before the Court is plantiff's motion for recusal.  Dkt. No. 35 ("Motion for Recusal").[2]

## II.  MOTION FOR RECUSAL

Plaintiff states that recusal is warranted "due to the pervasive bias and fraud against the plaintiff[.]"  *See* Motion for Recusal at 1.  Plaintiff further states in his affidavit in support of his motion that the undersigned's "impartiality might be reasonably questioned" in light of rulings in this case, which amount to "fraud."  *Id*. at 3, 13.

A federal judge must disqualify himself in any proceeding where "his impartiality might

---

[2]  The Motion to Dismiss will be decided separately, and in due course.

reasonably be questioned", "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455(a) and (b)(1);[3] *see also* 28 U.S.C. § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.").

In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is in fact subjectively impartial, but whether the objective facts suggest impartiality. *See Liteky v. United States*, 510 U.S. 540, 548 (1994). The ultimate inquiry is whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *Hughes v. City of Albany*, 33 F. Supp. 2d 152, 153 (N.D.N.Y. 1999).

"[T]he grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) (noting that, "where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited").

The requirement that a judge recuse himself whenever his "impartiality might reasonably be questioned" is commonly limited to those circumstances in which the alleged partiality "stem[s] from an extrajudicial source." *Liteky*, 510 U.S. at 544 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *United States v. Morris*, 988 F.2d 1335,

---

[3] There are other reasons for disqualification not relevant to the present motion. *See* 28 U.S.C. § 455(b)(2)-(5).

1337 (4th Cir. 1993) ("[T]he source of the appearance of partiality must arise from some source other than the judge's previous involvement with cases that concerned the parties or witnesses in the present case." (collecting cases)); *Stantini v. United States*, 268 F. Supp. 2d 168, 179 (E.D.N.Y. 2003) ("It is well settled that a motion for recusal requires a showing of personal bias which is ordinarily based on extra-judicial conduct and not conduct which arises in a judicial context.").

  In this case, the alleged partiality does not stem from an extrajudicial source. Rather, plaintiff's Motion for Recusal is based entirely on rulings issued in this case. *See generally*, Motion for Recusal. Plaintiff disagrees with those rulings. But plaintiff's expressed disagreement with the Court's prior rulings, unaccompanied by any allegations or evidence of statements or actions exhibiting bias, does not provide a basis for recusal. *See, e.g., Gottlieb v. U.S. Sec. & Exch. Comm'n*, 723 Fed. App'x 17, 19-20 (2d Cir. 2018) ("Other than dismissal of this case, Gottlieb does not suggest that Judge Preska made any statements or took any actions exhibiting bias; and the dismissal (as explained above) was clearly within Judge Preska's discretion."); *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("[A]dverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality."); *Moskovits v. Moskovits*, 150 Fed. App'x 101, 102 (2d Cir. 2005) ("Plaintiffs have failed to show a basis for recusal, as their allegations fail to demonstrate any deep-seated favoritism or antagonism that would make fair judgment impossible, . . . as opposed to disagreement with decisions made by Judge Daniels in his judicial role." (internal quotation marks and citations omitted)); *Gottlieb v. S.E.C.*, No. 05-CV-2401, 2007 WL 646382, at *2-3 (S.D.N.Y. Feb. 27, 2007) ("Plaintiff does not allege the Court's bias to stem from anything other than the Court's participation in his case. Thus,

5

he fails to establish grounds for the Court's recusal. Accordingly, his motion for recusal is denied."), *aff'd*, 310 Fed. App'x 424 (2d Cir. 2009); *Hoatson v. New York Archdiocese*, No. 05-CV-10467, 2006 WL 3500633, at *2 (S.D.N.Y. Dec. 1, 2006) ("[R]ulings made during the course of a case are generally not regarded as evidence of bias, even if they appear to disproportionately favor one side."); *Locasio v. United States*, 372 F. Supp. 2d 304, 315 (E.D.N.Y. 2005) (same).  Insofar as plaintiff believes that the Court erred in one or more of its prior rulings, he may appeal these rulings at the conclusion of this proceeding, which he has already been advised by the Second Circuit.  *See* Dkt. No. 36.

In short, plaintiff has presented no grounds that require the undersigned's recusal. Accordingly, plaintiff's Motion for Recusal is denied.

### III. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's motion for recusal (Dkt. No. 35) is **DENIED**; and

2. The Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: December 11, 2020
          Utica, New York.

_____
United States District Judge