UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARLTON WALKER,

        Plaintiff,

    -v-                      9:20-CV-82

SENECAL and BRIAN
BENWARE,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

CARLTON WALKER
Plaintiff, Pro Se
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

HON. LETITIA JAMES           MARK G. MITCHELL, ESQ.
New York State Attorney General   Ass't Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

  On January 23, 2020, *pro se* plaintiff Carlton Walker ("plaintiff"), an

inmate in the custody of the New York State Department of Corrections and

Community Supervision ("DOCCS") at Bare Hill Correctional Facility ("Bare Hill C.F."), filed this 42 U.S.C. § 1983 action against, *inter alios*, defendants Richard Senecal ("Senecal") and Brian Benware ("Benware"), two Corrections Officers employed by DOCCS at Bare Hill C.F.  Dkt. No. 1.  Following some preliminary motion practice, defendants moved under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss plaintiff's complaint.  Dkt. No. 32.

On July 19, 2021, U.S. Magistrate Judge Christian F. Hummel advised by Report & Recommendation ("R&R") that defendants' motion to dismiss the complaint be granted in part and denied in part.  Dkt. No. 38.  Judge Hummel's R&R recommended that defendants' motion to dismiss be granted as to plaintiff's: (1) First Amendment retaliation claims against Senecal based on (a) a missed meal, (b) access to the messhall, (c) pat frisks, and (d) verbal harassments claims related to a "diet card" and recreation; and (2) First Amendment retaliation claims against Benware.  However, Judge Hummel's R&R recommended that defendants' motion to dismiss be denied as to plaintiff's: (1) First Amendment retaliation claim against Senecal based on the allegations that Senecal destroyed plaintiff's legal materials and threatened him in September of 2017.

Plaintiff has objected to the R&R, Dkt. No. 39, and defendants have filed a response to plaintiff's objections, Dkt. No. 41.  Upon *de novo* review of the

portions to which plaintiff has objected, the Report & Recommendation will be accepted and adopted in all respects. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ADOPTED;

2. Defendants' motion to dismiss is GRANTED in part and DENIED in part;

3. The following claims are DISMISSED: (1) plaintiff's First Amendment retaliation claims against Senecal based on (a) a missed meal, (b) access to the messhall, (c) pat frisks, and (d) verbal harassments claims related to a "diet card" and recreation; and (2) First Amendment retaliation claims against Benware;

3. The following claim survives dismissal and require a response: (1) First Amendment retaliation claim against Senecal based on the allegations that Senecal destroyed plaintiff's legal materials and threatened him in September of 2017; and

4. Defendants shall answer the remaining claim within fourteen days of the date of this opinion.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  August 26, 2021
        Utica, New York.